IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES D. SCHNELER, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 13-4370 |
| MARJORIE ZITOMER, et. al. | : |
| | : |
| Defendants. | : |

## MEMORANDUM

**Stengel, J.**                                                                                      **January 8, 2015**

This is James Schneller's eleventh *pro se* action in the Eastern District of Pennsylvania premised on the circumstances surrounding the March 2002 death of his mother and the administration of her estate.[1] This latest iteration rehashes a 2007 Chester County lawsuit in the guise of a Racketeering Influenced and Corrupt Organizations [RICO] complaint. Four motions to dismiss are currently pending before the court. I will grant the motions and dismiss this case with prejudice. I will also deny plaintiff's motion for reconsideration and his motion to amend the complaint.

---

[1] In addition to several state court actions, Mr. Schneller has filed the following cases in the Eastern District of Pennsylvania relating to his parents' death: Schneller, et. al. v. Merck & Company (05-cv-3785); Schneller, et. al. v. Prospect Park Nursing and Rehabilitation Center, et. al. (06-cv-545); Schneller, et. al. v. Crozer Chester Medical Center, et. al. (06-cv-698); Schneller, et al v. Fox Subacute at Clara Burke, et. al. (06-cv-1504); Heirs and Beneficiaries of Marjorie C. Schneller, et al v. Able Home Care Inc., et. al. (08-cv-01003); Schneller, et. al. v. Fox Subacute at Clara Burke, et. al. (08-cv-01076); Schneller, et. al. v. Crozer Chester Medical Center, et. al. (08-cv-01479); Schneller, et. al. v. Prospect Park Nursing and Rehabilitation Center, et. al. (08-cv-05704); Schneller, et. al. v. Able Home Care, Inc., et. al. (09-cv-05747); Schneller, et. al. v. Merck & Company, Inc. (11-cv-06112). *See also* Schneller ex rel. Schneller v. Fox Subacute at Clara Burke, 317 F. App'x 135, 137 (3d Cir. 2008) ("Schneller has filed multiple state-court and federal complaints premised on the circumstances surrounding the death of his mother and the administration of his parents' estate."). Additionally, he filed three actions relating to his failed congressional campaign: Schneller v. WCAU Channel 10, (10–cv–05081); Schneller, et. al. v. Philadelphia Newspapers, Inc., et. al. (11-cv-05071); Schneller v. Delaware County Times, et. al. (13-cv-04369). He also unsuccessfully sought to intervene in a civil action which sought to overturn Pennsylvania's defense of marriage act. Palladino v. Governor of Pennsylvania, 14-2766, 2014 WL 5137653 (3d Cir. Oct. 14, 2014)

I.  **Background**

James Schneller, plaintiff, is the son of George and Marjorie Schneller. Compl. ¶ 14 and 15. Defendants Richard Schneller and Marjorie Zitomer are plaintiff's siblings. *See* Id. ¶ 18 and 19. George Schneller died on October 30, 2001 and Marjorie Schneller died on March 31, 2002. Id. ¶¶ 35 and 36. Plaintiff, Richard Schneller and Marjorie Zitomer were appointed administrators of George Schneller's estate on December 31, 2001. Id. ¶ 39. Marjorie Zitomer was the executrix of Marjorie Schneller's estate. Id. ¶ 40.

Plaintiff claims that the estates were to pay legacies to his siblings and the remaining principal was to fund a spendthrift trust for Plaintiff's benefit. Id. ¶¶ 42 and 50. Wachovia Bank was supposed to be the corporate trustee for the spendthrift trust. ¶ 43. Defendant Wells Fargo Bank is Wachovia's successor in interest. *See* Id. caption. Plaintiff claims that Richard Schneller wrongfully obtained a power of attorney from Marjorie Schneller. Id. ¶¶ 52 and 53. Richard Schneller then removed Wachovia as trustee of plaintiff's trust and appointed himself to the position. Id. ¶ 52. As trustee and power of attorney, Richard Schneller depleted the assets of the estate, thereby, impoverishing plaintiff. Id. ¶¶ 53, 54, 55 abd 56. T. Sergeant Pepper, defendant, was the siblings' attorney for estate matters. Id. ¶ 21.

The complaint accuses Richard Schneller and Marjorie Zitomer of killing Marjorie Schneller in order to take control of the estates of both parents. Id. ¶¶ 47, 49, 53, 62, 66 and 68. The siblings accomplished the murder by fraudulently using the decedent's advanced health directive to deny decedent of necessary medical care. Id. Plaintiff claims

that his siblings prevented his efforts to further investigate the cause of his mother's death by blocking an autopsy and by impoverishing plaintiff as described above. Id. ¶¶ 67, 69 and 76.

Plaintiff alleges that he was his parents' caretaker and lived in their home during their convalescence. Id. ¶ 37. He claims that he was properly in possession of the property after his parents' deaths. Id. ¶ 78 and 79. Nonetheless, defendants evicted plaintiff from his parents' home. Id. In the process, many of plaintiff's plants were damaged despite plaintiff's giving notice of his intent to move the plants on June 30, 2003. Id. ¶ 82.

The complaint also names four additional members of the RICO conspiracy. First, plaintiff alleges Chester County Judge Paula Ott colluded with the defendants to improperly probate his parents' estates. *See, e.g.,* Id. ¶¶ 512, 524 – 526, 562, 566, 574 – 577, 591, 592, 603. Second, Samuel Trueblood, plaintiff's counsel for estate matters, failed to provide competent services. *See, e.g.,* Id. ¶746, 758, 816, 820, 822, 823. Third, Judge Thomas Gavin purportedly conspired with the defendants to deprive plaintiff of justice in an unrelated civil matter and in plaintiff's professional liability action against Mr. Trueblood. Id. ¶¶ 640 – 647. Finally, plaintiff claims that Alleva Funeral home conspired with the other defendants to, *inter alia*, block an autopsy of his mother. Id. ¶ 283.

In 2007, plaintiff filed an action in the Chester County Court of Common Pleas under docket number 07-05040. 2007 Complaint, Richard Schneller's Mot. to Dismiss Ex. E, doc. no. 87-10. The 2007 case reached final judgment when the court granted the

3

funeral home's motion for judgment on the pleadings and sustained the remaining defendants' preliminary objections. *See* Chester County Court of Common Pleas Docket No. 07-5040, Def.'s Mot. to Dismiss Ex. F., doc. no. 87-11. As in the present complaint, plaintiff sued Marjorie Zitomer, Richard Schneller, T. Sergeant Pepper, Esq., Alleva Funeral Home and Wells Fargo's predecessor in interest Wachovia Bank. Additionally, the factual allegations in the present complaint are copied verbatim from the 2007 complaint. *Compare* Compl. ¶¶ 35 – 88 *with* 2007 Compl. ¶¶ 16 – 69. Plaintiff does not deny the identity of the two actions. Indeed, he expressly incorporates the factual allegations from the 2007 complaint into the present matter. Compl. ¶ 32.

Plaintiff filed the present action on July 25, 2013. To date, I have granted motions to dismiss Judge Gavin, Judge Ott, Alleva Funeral Home and Mr. Trueblood. I dismissed the claims against the judicial defendants because they were entitled to Eleventh Amendment immunity. Doc. no. 21. I granted Alleva Funeral Home's and Samuel Trueblood's motions to dismiss because the claims were barred by RICO's four year statute of limitations. Doc. nos. 42 and 43. Marjorie Zitomer, Richard Schneller, Wells Fargo Bank and T. Seargent Pepper, the remaining defendants, have now moved to dismiss the complaint. Doc. nos. 59, 62, 87 and 88. Plaintiff has also moved for reconsideration of my orders dismissing the judges, the funeral home and Mr. Trueblood.[2] Doc. nos. 83 and 85.[3] He has also requested leave to file an amended complaint.[4] Doc. nos. 72, 73, 80 and 89.[5]

---

[2] This is plaintiff's fourth motion for reconsideration. *See* Doc. nos. 25, 45 and 46. I have denied all of his prior motions. Doc. nos. 27 and 47.

**II.     Standard of Review**

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). Id. at 1965; Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), I may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben.Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court is required to accept as true all of the factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89 (2007), and all reasonable inferences permitted by the factual allegations, Watson v. Abington Twp., 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff. Kanter v. Barella,

---

[3] The two docket entries are the same paper.

[4] Plaintiff previously filed two amended complaints without prior leave of court. Doc. nos. 26 and 35. I struck both amended complaints from the record and denied plaintiff's motion to reconsider those actions. Doc. nos. 27, 34 and 39.

[5] Doc. nos. 72 and 80 are the same paper. Doc. no. 73 is the proposed amended complaint. Doc. no. 89 contains supplemental briefing.

489 F.3d 170, 177 (3d Cir. 2007). The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiffs' claim is "plausible on its face," a complaint will survive a motion to dismiss. Bell Atlantic Corp., 127 S. Ct. at 1965, 1974; Victaulic Co. v. Tieman, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "[A] district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. Hill v. Rozum, 447 F. App'x 289, 290 (3d Cir. 2011) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

### III.   Discussion

Yet again, plaintiff is litigating the administration of his parents' estates. In an effort to avoid preclusion, he now claims that the defendants' actions, which formed the basis of his 2007 Chester County lawsuit, are predicate acts supporting a RICO action. I will dismiss the complaint for four reasons. First, any conceivable RICO claim is long since time barred. Second, the alleged predicate acts do not establish a RICO claim.

Third, *res judicata* precludes plaintiff's claim. Finally, the claim is not justiciable in federal court.

Plaintiff's RICO claim is time barred. The Supreme Court established a four year statute of limitations for all RICO claims. <u>Agency Holding Corp. v. Malley-Duff & Associates, Inc.</u>, 483 U.S. 143, 156 (1987). The statute of limitations begins to run when plaintiff knew or should have known about his injury. <u>Forbes v. Eagleson</u>, 228 F.3d 471, 484 (3d Cir. 2000). Here, plaintiff alleges that defendants' illegal administration of his parents' estates gives rise to a RICO claim. All alleged acts occurred between 2001 and 2003 while the estate was in probate. Plaintiff claims that he contested the manner in which defendants' administered the estate directly to Judge Ott, the Orphans' Court judge. Thus, plaintiff knew or should have known about the injury, at the latest, in 2003. Plaintiff commenced his RICO action on July 25, 2013 well beyond the four year statute of limitations.[6] I will dismiss the complaint with prejudice.[7]

In addition to the statute of limitations, plaintiff has not pleaded a pattern of racketeering activity. Plaintiff purports to plead a claim under subsections (a), (b), (c) and (d) of 18 U.S.C. §1962. Under each subsection, plaintiff must plead a pattern of racketeering activity. The statute defines racketeering activity as 1.) "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in

---

[6] Furthermore, it is beyond dispute that plaintiff was aware of his injury when he sued upon the same injury in state court in 2007. Thus, even if the RICO action did not accrue until 2007, the complaint would still be two years late.

[7] I note that the caption names Susan L. White, Esq. as a defendant in this case. Otherwise, the complaint does not make a single allegation against her. According to the docket, plaintiff never served Ms. White with the summons and complaint. Therefore, in addition to reasons stated in this memorandum, I will dismiss the claims against Ms. White for failure to plausibly state any claim for relief and for failure to prosecute.

7

obscene matter, or dealing in a controlled substance or listed chemical" punishable by imprisonment for more than one year, or 2.) a violation of specific enumerated federal statutes. §1961 (1). To plead a pattern of racketeering activity, plaintiff must assert at least two acts of racketeering activity within ten years. §1961(2). Here, plaintiff alleges that defendants murdered his mother to take control of her estate. I do not wish to give credence to this outrageous and unsupported theory. However, accepting this allegation as true, as I must, the murder of Marjorie Schneller would count as one act of racketeering. Plaintiff pleads no other acts of racketeering;[8] therefore, he has not pleaded a pattern of racketeering activity.

Failing to plead a pattern of racketeering is just one of many problems with plaintiff's RICO claim. Indeed, plaintiff makes very little effort to plead any element of a RICO conspiracy. Rather, he copied the language of 18 U.S.C. § 1962 as paragraphs three, four, five, and six of his complaint. This is followed by regurgitation of the factual allegations and counts for relief from his 2007 complaint. As a result, he does not allege that a RICO conspiracy is the basis of a single count for relief in the present suit. I can only conclude that plaintiff is not claiming to be injured by a RICO conspiracy, but rather, he thinks he can revive his 2007 allegations by invoking the RICO statute. He cannot. Such frivolous pleading is the very type of litigation the Supreme Court meant to target in Iqbal and Twombly. 555 U.S. 1030 (2008); 550 U.S. 544. His RICO claim must be dismissed.

---

[8] The remaining allegations plead numerous civil causes of action which are not punishable by more than one year in prison. Neither does plaintiff assert a violation of any of the enumerated federal statutes. *Compare* Compl. ¶ 115 *with* § 1961(1)(B)-(G).

A second alternative basis for dismissal is *res judicata*. All state judicial proceedings "shall have the same full faith and credit in every court within the United States …as they have by law or usage in the courts of such state.…" 28 U.S.C. § 1738. I am to look to Pennsylvania law to determine what effect to give the judgment in the 2007 Chester County action. *See* Lance v. Dennis, 546 U.S. 459, 466 (2006). Under Pennsylvania law, a final judgment on the merits will have preclusive effect upon the "concurrence of four (4) conditions: (1) an identity of the thing sued upon; (2) an identity of the cause of action; (3) an identity of the persons and parties to the action; and (4) an identity of the quality or capacity of the parties suing or sued." McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989) (citing Dunham v. Temple University, 432 A.2d 993, 999 (Pa. Super. 1981)). "*Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548 (3d Cir.2006) (citing Balent v. City of Wilkes–Barre, 669 A.2d 309, 313 (Pa. 1995)).

The 2007 Chester County action satisfies the elements of *res judicata*. I will start with the identity of the parties who are substantially similar precluding this lawsuit. There can be no doubt that Marjorie Zitomer, Richard Schneller, T. Sergeant Pepper and Alleva Funeral Home[9] are the same parties in both complaints. The addition of the judicial defendants and Mr. Trueblood,[10] who were not parties to the 2007 action, does not

---

[9] I dismissed the claims against Alleva Funeral Home as barred by the statute of limitations. I find the claims are also precluded lending further support to dismissal.

[10] Mr Trueblood claims that plaintiff has sued him on four prior occasions on the same facts. I presided over two of those lawsuits. The allegations against Mr. Trueblood in this complaint are identical to the allegations in Schneller v. Fox Suacute at Clara Burke, 06-cv-1504 (E.D.Pa. Apr. 10, 2006) which I dismissed. I dismissed the claims against

change the analysis. *See* Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir.1988) ("The essence of the cause of action ... is not altered by the addition of more parties."); Helmig v. Rockwell Mfg. Co., 131 A.2d 622, 627 (Pa. 1957) ("The rule should not be defeated by minor differences of form, parties or allegations…."). Since Wells Fargo is Wachovia's successor in interest, and is sued in that capacity, the two parties are in privity, and Wells Fargo can claim *res judicata*.[11] *See* Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991) (citing Gambocz v. Yelencsics, 468 F.2d 837, 841 (3d Cir.1972)) ("[R]es judicata may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.").

The Court of Common Pleas reached a final judgment on the merits in sustaining the preliminary objections of Marjorie Zitomer, Richard Schneller, T. Sergeant Pepper and Wachovia Bank. *See* U.S. Nat. Bank in Johnstown v. Johnson, 487 A.2d 809, 813 (Pa. 1985) ("[S]ustaining of preliminary objections in the nature of a demurer and dismissal of the [] complaint … was final and appealable, becoming *res judicata* upon the expiration of the thirty (30) day appeal period."). There can be no doubt as to the identity of the cause of action. The factual allegations in this case are copied verbatim from the 2007 complaint. The complaint also recites the identical counts, although under the guise

---

Mr. Trueblood in this lawsuit as barred by the statute of limitations. I find the claims are also precluded lending further support to dismissal.

[11] Wachovia merged into Wells Fargo in an all-stock transaction in 2008. Plaintiff now sues Wells Fargo on the same claim he asserted against Wachovia in 2007. As such, plaintiff now seeks to hold Wells Fargo accountable for Wachovia's actions on a theory of successor liability. *See* 15 Pa.C.S. § 1929 ("The surviving or new corporation shall thenceforth be responsible for all the liabilities of each of the corporations so merged or consolidated."). On these facts, Wells Fargo stands in a significant enough relationship with Wachovia to invoke *res judicata*.

of a RICO claim. Since state courts have concurrent jurisdiction to consider RICO claims, Tafflin v. Levitt, 493 U.S. 455, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), plaintiff could have brought his RICO claim as part of the 2007 action and is precluded from raising the RICO claim now based on the same facts. McCarter v. Mitcham, 883 F.2d 196 (3d Cir. 1989) (dismissing a case "asserting essentially identical claims" as a dismissed state court action, "but pleading them as claims arising under the [RICO] Act").

  Finally, the Rooker – Feldman doctrine and the probate exception also support dismissal. The Rooker – Feldman doctrine prevents "state court losers [from bringing federal cases] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Pursuant to the probate exception, claims regarding the adjudication of an estate, the executors mismanagement of an estate or the executor's breach of fiduciary duty are not justiciable in federal court. Golden ex rel. Golden v. Golden, 382 F.3d 348, 361-62 (3d Cir. 2004). Here, after we peel away the meritless RICO claim, we see that plaintiff merely seeks to relitigate his 2007 state court action. Since this suit questions the rulings of state court judges, plaintiff appears to be seeking relief from the judgment in the 2007 state court action in violation of Rooker – Feldman. Furthermore, most of the counts[12] call into question the Orphans' Court's adjudication of the estate and outright accuses Marjorie Zitomer and Richard Schneller of disinheriting the plaintiff through their own

---

[12] The probate exception would not prevent consideration of Count 7 (Mr. Trueblood's professional malpractice), Count 8 (relating to breach of contract) and Count 17 (regarding abuse of decedent's living will); however, the Rooker – Feldman doctrine would still apply.

11

self-dealing. Accordingly, the probate exception deprives me of jurisdiction to hear plaintiff's claims.

I will dismiss this case with prejudice and I will deny plaintiff's motion for leave to amend. Although the Third Circuit has instructed that a district court must permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, a court need not grant leave to amend if amendment would be inequitable or futile. *See* Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir.2008). An amended complaint which fails to overcome a time bar is futile. *See* Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988). I dismiss this case because it was filed well beyond RICO's four year statute of limitations. Plaintiff's proposed amended complaint could not and does not change the timing of the alleged wrongful conduct.[13] *See* doc. no. 73. Plaintiff has been litigating issues surrounding his parents' deaths for over a decade. He cannot now honestly allege that the illegal administration of the estates occurred after July 25, 2009.

Additionally, allowing leave to amend would be highly inequitable. Undaunted by his repeated failures, James Schneller has spent the last decade filing meritless lawsuits relating to his parents' demise. *See supra* note 1. In this particular case, I am struck by the scandalous nature of the allegations. Plaintiff avers that his siblings killed their mother with the purpose of looting her estate. Plaintiff has had ample opportunity to assert this

---

[13] The plaintiff now includes allegations that the enterprise slandered plaintiff during his congressional campaign in 2010 and 2012. Proposed Am. Compl, doc. no. 73-1, ¶¶ 133 and 217. He also asserts that the enterprise has caused him to be evicted twice since 2011. Id. ¶ 222. These alleged actions would not cure plaintiff's statute of limitations problems. *See* Klehr v. A.O. Smith Corp., 521 U.S. 179, 187 (1997) (rejecting the last predicate act rule). Plaintiff's RICO cause of action accrued in 2003 when he knew or should have known about the injury. Forbes v. Eagleson, 228 F.3d 471, 484 (3d Cir. 2000).

12

bogus theory and have it debunked. Marjorie Zitomer and Richard Schneller should no longer have to endure what I am sure are very painful allegations. Should plaintiff persist in filing additional lawsuits based on this theory, I would consider the litigation vexatious and would entertain a motion for monetary sanctions.

I will also deny plaintiff's motion to reconsider my orders dismissing Judge Ott, Judge Galvin, Alleva Funeral Home and Mr. Trueblood. I may alter my order dismissing the defendants, if plaintiff establishes one of the following grounds: "1.) an intervening change in the controlling law; 2.) the availability of new evidence that was not available when the court granted the motion . . .; or 3.) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citations omitted). I will deny plaintiff's motion because it fails to establish any of the above three grounds. I also find that dismissal of the counts against Mr. Trueblood and Alleva Funeral Home was supported by res judicata. *See supra* notes 9 and 10. I will deny the motion for reconsideration on this ground as well.

**IV.   Conclusion**

For the foregoing reasons, I will grant defendants' motions to dismiss. I will deny plaintiff's motion for reconsideration and his motion for leave to file an amended complaint. Plaintiff's complaint is dismissed with prejudice.

An appropriate order follows.